IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMELIA KOMOROWSKI, et al.,

Plaintiffs,

v.                                             Case No. 13-2177-SAC

ALL-AMERICAN INDOOR SPORTS, INC.,

Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Defendant's motion to dismiss the case for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).

Plaintiffs bring this putative class action against Defendant under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Plaintiffs seek statutory damages, costs and attorneys' fees, and punitive damages pursuant to 15 USC § 1681n. This section creates a private right of action for a willful violation of FCRA. *Ramirez v. Midwest Airlines, Inc.*, 537 F.Supp.2d 1161 (D.Kan. 2008).

FCRA prohibits retailers who accept credit or debit cards from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Any person who willfully fails to comply with this requirement is subject to civil penalties. 15 U.S.C. § 1681 n(a)(1)(A). The Act defines "person" as "any individual, partnership,

corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." § 1681a(b). Defendant contends that Plaintiff's complaint is deficient in failing to allege a "willful violation" of the act. The Court agrees.

Willful violations of this act include both knowing and reckless violations. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2208–09, 167 L.Ed.2d 1045 (2007). "The term willful means an omission or failure to do an act ... voluntarily and knowingly with a purpose [to] disobey or disregard of the law, or with reckless disregard of a known statutory duty under the Fair Credit Reporting Act." *Price v. Trans Union*, LLC, 839 F.Supp.2d 785, 808 (E.D.Pa. 2012). Reckless violations include conduct that violates an objective standard: action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). It is the "high risk of harm, objectively assessed, that is the essence of recklessness at common law." *Id*. at 69. In Safeco, "[t]he Supreme Court ..."established a safe harbor against liability for willfulness. A company cannot be said to have willfully violated FCRA if the company acted on a reasonable interpretation of FCRA's coverage." *Fuges v. Southwest Financial Services, Ltd.*, 707 F.3d 241, 248 (3d Cir. 2012).

**Motion to Dismiss Standard**

To survive a motion to dismiss, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face. *Jordan–Arapahoe, LLP v. Board of County Com'rs. of County of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " 'A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Jordan–Arapahoe*, 633 F.3d at 1025 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009)). In making this determination, the court accepts as true all well-pleaded factual allegations included in the complaint. *Howard v. Waide*, 534 F.3d 1227, 1243 (10th Cir. 2008). The court does not, however, accept legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

**Plaintiff's Complaint**

Plaintiffs' Complaint includes the following allegations arguably relevant to the issue of willfulness:

> 17. Even though Defendant AAIS had up to three years to comply, it willfully violated FACTA and failed to protect Plaintiffs and others similarly situated against credit card and debit card fraud and other forms of identity theft by printing the expiration date of the credit card number on receipts provided to cardholders transacting business with Defendant as described herein.

> 20. FACTA's requirement that merchants truncate credit and debit card numbers and exclude expiration dates was phased in over a three-year period.
>
> 21. During the three year phase-in period, there was extensive publicity regarding FACTA's requirements.
>
> 23. Defendant had actual knowledge of FACTA's requirements, specifically including the requirement that all but the last five digits of credit and debit card numbers were required to be truncated on receipts presented to consumers at the point of sale and that all expiration dates were to be removed.
>
> 57. Defendant knew or should have known about the requirements of FACTA, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and the exclusion of the card's expiration date.
>
> 58. Defendant willfully violated FACTA's requirements by printing the expiration date and/or more than the last five digits of credit or debit card numbers upon the receipts provided to members of the class.
>
> 59. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiffs and the members of the class thereby exposing Plaintiffs and the members of the class to an increased risk of credit and debit card fraud as well as other forms of identity theft.

Dk. 1, pp. 4, 5, 10.

**Analysis**

Plaintiffs' assertions of both actual and constructive knowledge are based solely on the fact that during the three year phase-in period for the relevant FACTA requirement, there was extensive publicity regarding those requirements. But Plaintiffs neither assert nor show that this Defendant actually received, reviewed, or was otherwise apprised of those requirements. Thus, no inference of actual knowledge may reasonably be

drawn. *Compare Zahn v. Tuttle, Inc.*, 2011 WL 1741912 (D.Minn. May 4, 2011) (denying motion to dismiss where the plaintiff alleged the defendant received specific information regarding FACTA, employed a third party FACTA compliance manager, then canceled its contract with the compliance manager when informed that equipment changes would be necessary to ensure compliance with FACTA), with *Huggins v. SpaClinic, LLC*, 2010 WL 963924, 2 (N.D.Ill. 2010) (granting motion to dismiss where complaint alleged only that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute, since those allegations were not specific to the defendant and permit only an inference of negligence.) Here, nothing tends to show that the Defendant actually knew its conduct was prohibited by statute.

This leaves the Court only with Plaintiffs' allegations of constructive knowledge. Even assuming that Plaintiffs' assertion of a three-year grace period with extensive publicity about FACTA may show Defendant's constructive knowledge of FACTA's requirements, the Court is not persuaded that constructive knowledge alone suffices to allege a *willful* violation of this civil statute. *See e.g., Seo v. CC CJV Am. Holdings, Inc.*, 2011 WL 4946507, *2 (C.D.Cal. Oct.18, 2011) (holding fact that information about FACTA was available to defendant did not support plaintiff's assertion that defendant knowingly ignored FACTA's provisions); *Gardner v. Appleton Baseball Club, Inc.*, No. 09–C–705, 2010 WL 1368663, *5 (E.D.Wis. March 31, 2010)

(finding FTC's guidance on compliance with FACTA insufficient to infer that defendant printed expiration dates willfully rather than negligently); *Rosenthal v. Longchamp Coral Gables LLC,* 603 F.Supp.2d 1359, 1362 (S.D.Fla. 2009) (granting motion to dismiss because willfulness "is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements." ).

Merely alleging that a defendant should be aware of a statute and fails to comply with it, as Plaintiffs have done here, is insufficient to state a claim for willfulness.

> In order to allege a willful violation, there must be some allegation that the Defendant knew of the standard and voluntarily or intentionally violated it. The First Circuit, assessing whether OSHA violations were willful, explained:
>
>> Various decisions have defined "willful" violations as "conscious and intentional disregard of conditions;" "deliberate and intentional misconduct;" "careless disregard of employee safety;" "utter disregard of consequences;" and similar descriptions. They all indicate that the Complainant should at least prove that the Respondent knew of the standard, and its violation was voluntary or intentional or with plain indifference to the Act.

*Vidoni v. Acadia Corp.,* 2012 WL 1565128, 2-4 (D.Me. 2012) (citing *Brock v. Morello Bros. Const. Inc.,* 809 F.2d 161, 164 (1st Cir. 1987).

Instead, the relevant query on a motion to dismiss is fact-specific. For example, in *Vidoni,* the court granted a motion to dismiss despite allegations that the marketplace was so saturated with news regarding FACTA's expiration-date-removal requirement that the Defendant could not have

escaped awareness of it, and that Defendant's credit card issuers, bank, point of sale providers and trade associations specifically advised Defendant of FACTA's truncation requirements. The Court found that Defendant had complied with FACTA at its other locations, indicating its non-compliance at one location was inadvertent rather than knowing.

Here, Plaintiffs allege that "defendant willfully violated FACTA's requirements by printing" the prohibited information after it should have known about the requirements of the law. But on the facts alleged in the Complaint, Defendant's conduct, even if negligent, was not willful.

> In essence, Plaintiff is suggesting that because most businesses know the law and follow it, the Defendant's failure to do so must have been willful. But this is an allegation that could be leveled (and apparently is) in *every* FACTA case…. Under *Iqbal* and *Twombly,* there has to be something more.
> The complaint alleges that the FTC issued guidance on compliance with FACTA, and from this we are asked to infer that the Defendant must have known about that guidance and disregarded it. But once again this is a fact about the general state of affairs in the country rather than a fact particular to the Defendant. As above, it is an allegation that could be leveled against *any* FACTA defendant. The existence of the law and/or guidance on the law is not enough to create an inference that the law was knowingly disregarded, absent some allegation that the guidance was actually sent to the Defendant or so well-publicized that everyone knew about it.
> …
> Plaintiff's argument that *every* violation of the statute would be willful simply because it *was* a violation. This once again conflates the occurrence of the act with the mental state of the actor and begs the question of willfulness. To say that a violation occurred after the grace period ended is to state only that a violation occurred, period. It is not supportive of an inference of intent or recklessness.

*Gardner,* 2010 WL 1368663 (dismissing complaint because Court had no plausible reason to infer willfulness). *See Zaun v. Tuttle, Inc.*, 2011 WL

7

1741912 (D.Minn. May 4, 2011) (finding complaint adequately alleged willful violation because defendant disregarded its third-party compliance contractor's warning that defendant would need to upgrade its terminals to comply with FACTA); *Steinberg v. Stitch & Craft, Inc.*, 2009 WL 2589142, 2-3 (S.D.Fla. 2009) (denying motion to dismiss where complaint alleged major credit card companies had "notified the merchants, including the Defendant," of FACTA's requirements and that they were required to comply with the FACTA, and that Defendant violated FACTA because it "did not wish to incur the additional expense of reprogramming or updating its point-of-sale equipment."); *Troy v. Home Run Inn, Inc.*, 2008 WL 1766526, *2 (N.D.Ill. 2008) (denying motion to dismiss where complaint alleged that "credit card issuers like VISA, MasterCard, Discover, and American Express informed [the Defendant] about FACTA's requirements and required compliance via contract."); *In re TJX Companies, Inc.*, 2008 WL 2020375, 2 (D.Kan. 2008) (denying motion to dismiss where complaint alleged defendants recognized their statutory duty to limit the information, intentionally ignored that duty, refused to take steps to comply with FACTA regulations, and resulted from more than a mere careless reading of FACTA).

IT IS THEREFORE ORDERED that Defendant's motion to dismiss for failure to state a claim for relief (Dk. 3) is granted and the complaint is dismissed without prejudice.

Dated this 4th day of September, 2013, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge